## PETERS v. CLANCY et al.
### No. 11764.

Court of Civil Appeals of Texas. Galveston.

Feb. 14, 1946.

J. Meek Hawkins and Pliny V. Myers, both of Houston, for appellant.

H. E. Bell and Spurgeon E. Bell, both of Houston, for appellees.

GRAVES, Justice.

"This is a partition suit that arose in the County Court of Harris County, upon a petition for partition of the estate of C. E. Clancy, deceased, uncle of appellant and appellees. The County Court entered judgment partitioning the estate among appellant and appellees on a per capita basis. On appeal by appellant to the District Court, that court likewise entered judgment partitioning the estate on a per capita basis, on October 12, 1945. From such adverse judgment William Ambrose Peters prosecutes this appeal."

The appeal has been submitted to this court upon the following agreed statement of the facts, accompanied by briefs and oral arguments from both sides:

"First: C. E. Clancy, Mary Ann Peters, nee Clancy, and Patrick Clancy were brothers and sisters in their life time. Charles E. Clancy had no children; Mary Ann Peters had one child, William Ambrose Peters; Patrick Clancy had five children, to-wit: W. E. Clancy, Margaret C. Nickerson, nee Clancy, Mary C. Clancy, Charles E. Clancy, and J. A. Clancy; the said Charles E. Clancy died in 1925 leaving no descendants and never had been married; the said Mary Ann Peters died in Olean, New York, on or about the 16th day of February, 1940, leaving as her sole and surviving heir, the said William Ambrose Peters; Patrick Clancy died in the State of Louisiana about the year 1911, leaving surviving him the following children: W. E. Clancy, Margaret C. Nickerson, nee Clancy, Mary C. Clancy, John A. Clancy, and Charles E. Clancy, but as stated, Charles E. Clancy, son of the said Patrick Clancy, died in 1925, leaving no descendants and never having been married; the said C. E. Clancy died intestate in Harris County, Texas, on the 21st day of May, 1943, leaving no wife and no children or their descendants, neither father nor mother, brother or sister, or any other heirs at law save and except William Ambrose Peters, the sole and only child of Mary Ann Peters, deceased's only sister and W. E. Clancy, Margaret C. Nickerson, nee Clancy, Mary C. Clancy and J. A. Clancy, the children of deceased's brother, Patrick Clancy, being his only heirs at law; that all said heirs are over the age of twenty-one and are of sound mind."

In inveighing here on a single point of error, against the trial court's judgment—so adverse to him—appellant's brief recites:

"There is nothing novel to the writer in the question presented, other than the fact that an identical circumstance has not before reached the Appellate Court after so long a lapse of time, insofar as the writer can find. * * *

"Our contention is that appellant, William Ambrose Peters, inherits the portion of the deceased's estate his mother would have inherited if she had been alive, and the appellees, William E. Clancy, John A. Clancy, Margaret C. Nickerson, and Mary C. Clancy would inherit and share equally in the portion their father would have inherited had he been alive, at the death of his deceased brother, C. E. Clancy."

This court concludes, however, that the precise question of law thus raised has already been foreclosed in Texas adversely to appellant's contention, and adopts as its further opinion to that effect this much of the answering brief filed by the appellees, to-wit:

938

"The Appellant seeks distribution of the estate on a per stirpes basis, under which he would receive one-half of the entire estate, and asserts that Appellees should receive the other one-half and divide it among themselves. Appellees, on the other hand, being related to intestate *in the same degree* as Appellant, contend that Appellant and Appellees inherit the estate share and share alike.

"The Appellant and Appellees are determined to be the sole heirs-at-law of intestate, under the provisions of Section 3, Article 2570, Revised Civil Statutes of 1925. Since intestate left surviving him no wife or children, or their descendants, or father or mother, or brothers or sisters, his heirs-at-law are Appellant and Appellees, who are the children of his deceased brother and sister. In determining *who are heirs,* we look to Article 2570, Revised Civil Statutes 1925. Witherspoon et al. v. Jernigan et al., 97 Tex. 98, 76 S.W. 445. As Appellant and Appellees are all nieces and nephews of intestate, they are *all* related to him in the second degree. Tyler Tap R. Co. and Douglas v. Overton, 1 White & W. Civ.Cas.Ct.App. § 533-536.

"Having determined who are heirs of intestate, the inquiry is as to the *manner* in which his estate is to be distributed among them. The manner of distribution is provided by Article 2577, Revised Civil Statutes 1925, reading as follows: 'When the intestate's children, or brothers and sisters, uncles and aunts, or any other relations of the deceased standing in the first and same degree, alone come into the partition, they shall take per capita, namely: by persons; and, when a part of them being dead and a part living, the descendants of those dead have right to partition, such descendants shall inherit only such portion of said property as the parent through whom they inherit would be entitled to if alive.'

"Under this Article, *all persons* who are related to an intestate *in the same degree,* and who come into partition *alone,* take the estate *per capita.* It is not required that the heirs be of the first or second or third degree before the statute will be applicable, but only that they be related to intestate *in the same degree,* and, if they come into partition *alone,* they take per capita. The statute merely says that, in partitioning an estate of an intestate, the nearest lineal descendants shall be ascertained and the distribution made equally *to all persons of that same degree* of rela-

tionship, who come into partition. Now, if some persons of that same degree are dead, then the descendants of such deceased person shall represent their ancestor and take no greater share than their ancestor would have taken. This is so because of the last paragraph of Article 2577. If, however, all who came into partition are of the same degree, they do *not* take as representatives, but they take *directly by person.*

"This is the exact interpretation made of Article 2577 by the Supreme Court in the case of Witherspoon et al. v. Jernigan et al., 97 Tex. 98, 76 S.W. 445.

"In the Witherspoon case heirship was determined under Section 4, Article 2570. (Then Article 1688, R.C.S.1895). S. P. Emerson was the intestate. His estate was divided into two moieties, one to go to the maternal and one to the paternal descendants. There was no dispute as to the manner of distributing the maternal moiety. The dispute involves the manner of partitioning the paternal moiety. There were five first cousins and twelve second cousins claiming the estate. The twelve second cousins were children of three deceased first cousins. S. P. Emerson had three aunts, Mrs. Mary Wheeler, Mrs. Julia Wheeler, and Mrs. Suzan Emerson. They all predeceased him. Mrs. Mary Wheeler left surviving her a son, M. B. Wheeler, who also survived intestate and came into partition of the estate as a first cousin. Mrs. Julia Wheeler left surviving her five children, Mrs. Susie Bostic, Mrs. Diana Witherspoon, Z. E. Wheeler, J. H. Wheeler, and Tom Wheeler. Mrs. Witherspoon, Z. E. Wheeler, J. H. Wheeler, and Tom Wheeler who also survived intestate and came into partition of the estate as first cousins. Mrs. Bostic predeceased intestate and left surviving four children, Lizzie Carter, Nannie Carter, W. T. Bostic, and L. F. Stinnett, who came into partition as second cousins. Mrs. Emerson left surviving her two sons, William Emerson and Joe Emerson, both of whom predeceased intestate. William Emerson left six children, D. A. Emerson, John C. Emerson, Mary E. Butler, J. C. Emerson, W. R. Emerson, and Ida Wilson, who came into partitions as second cousins. Joe Emerson was survived by two children, Hattie Kinslow and John Emerson, who came into partition as second cousins. Suit was filed against Z. E. Wheeler and Mrs. Witherspoon, asking for partition of the estate on

a per stirpes basis. The defendants asserted that distribution should be on a per capita basis. The County Court partitioned the estate on a per stirpes basis, but, on appeal, the District Court distributed the estate on a per capita basis among the first cousins. The Court of Civil Appeals (Jernigan v. Lauderdale, 73 S.W. 39), reversed the District Court, and affirmed the action of the County Court in partitioning on a per stirpes basis. In holding that distribution should be on a per stirpes basis, the Court said Article 2577 (Then Art. 1695, R.C.S.1895) was not applicable, and that Article 2570 controlled in determining who were heirs and the manner of distributing an estate among them. It said that Article 2577 applied only in case the heirs coming into partition were children, brothers and sisters, uncles and aunts, or other persons related to an intestate in the same and first degree. It ordered the paternal moiety divided into three equal parts, one part to go to the respective heirs of each deceased aunt. This holding of the Court of Civil Appeals was expressly overruled by the Supreme Court, which held that Article 2570 was employed to determine who were heirs, and that Article 2577 determined the manner of distribution. The Supreme Court held that where persons related to intestate in the same degree come alone into partition, they take per capita, under Article 2577. The Court ordered the paternal moiety divided into eight equal parts, one-eighth to go to each of the living first cousins and the second cousins to share the one-eighth set aside to their respective ancestor. The nearest relatives, the first cousins, received their share as persons, and not as representatives of an aunt who predeceased intestate. Since some of the first cousins were dead, the last paragraph of Article 2577 limited the interest of the second cousins in the estate to the amount their ancestors would have inherited had they been living. The Court was merely saying that you ascertain the nearest degree of kinship of living heirs, determine the number who are of that same degree, and divide the estate equally among them. They do not represent a deceased ancestor; they represent themselves. If a part of those of that degree are dead, then the descendants come in as representative of the deceased ancestor only. * * *

"Making application of the holding by the Supreme Court to the facts of the instant case, you divide the estate into five equal parts, a one-fifth interest to go to Appellant and each of Appellees. They are the only persons coming into partition, they are all nieces and nephews of intestate and thus related to intestate in the same degree. They inherit not as representatives of anyone, but as persons in their own right.

"This decision of the Supreme Court has stood unchanged since 1903. The Legislature of Texas has met many times since then and has made no change in the wording of the statute. Twice the Legislature has readopted the exact language of the statute as it existed when the Court placed its construction upon it, first, by the adoption of the Revised Civil Statutes of 1911, and second, by the adoption of the Revised Civil Statutes of 1925. It is, therefore, presumed that the Legislature intended, just as the Court said, that all persons of the same degree, who come into partition alone, shall take per capita. Thompson et al. v. Kay, 124 Tex. 252, 77 S.W.2d 201; Stephens County v. Hefner, 118 Tex. 397, 16 S.W.2d 804; 39 Texas Jurisprudence, p. 266, Sec. 141. * * *

"Appellant cites in support of his position only the case of Rudersdorf v. Bowers, 112 S.W.2d 784. In that case the construction of Article 2577 was not involved. That was a case in which an attack was made on a will on the ground of testamentary incapacity. The Court, purely by way of dicta, stated, under such facts as here present, that inheritance would be per stirpes.

"The five nephews and nieces of C. E. Clancy, deceased, take their uncle's estate per capita, that is, by persons equally, since they come alone into the partition, and are all relations of deceased standing in the same degree, namely, the second degree, and each is an heir in his own right."

Article 2570, Section 3, Revised Civil Statutes 1925; Article 2577, Revised Civil Statutes 1925; Tyler Tap R. Co. and Douglas v. Overton, 1 White & W.. Civ. Cas.Ct. App. § 533-536; Witherspoon et al. v. Jernigan et al., 97 Tex. 98, 76 S.W. 445; Thompson et al. v. Kay, 124 Tex. 252, 77 S.W.2d 201; Stephens County v. Hefner, 118 Tex. 397, 16 S.W.2d 804; 39 Texas Jurisprudence, page 266, Section 141; 16 American Jurisprudence, page 311.

The judgment will be affirmed.

Affirmed.