**Robert H. HOCKMAN, Appellant,**

v.

**ESTATE OF Braddie G. LOWE,**
**Deceased, Appellee.**

**No. 8658.**

Court of Appeals of Texas,
Beaumont.

Oct. 29, 1981.

Rehearing Denied Nov. 25, 1981.

Quinton Etzel, Del Rio, and Roy E. Dezren, Jacksonville, Fla., for appellant.

David Peeples, Richard Tinsman, Charles J. Muller, III, San Antonio, for appellee.

CLAYTON, Justice.

Appellee, acting as temporary administratrix of the Estate of Braddie G. Lowe, filed her application to declare heirship and to determine the shares of the heirs. Appellee requested the court to divide the estate into nine shares, to distribute one share to each of the eight nephews and nieces, and one share to the children of a deceased nephew. Appellant filed his response requesting the estate to be partitioned into five shares, and to distribute one share to the descendants of each of the intestate's sisters. This appeal is from a judgment dividing the estate into nine shares.

Braddie G. Lowe died intestate on June 6, 1978. She left no surviving husband, children, or their descendants, father or mother, or brothers or sisters. The intestate's only heirs at law were eight nieces and nephews and two descendants of a nephew.

The sole point of error before this court is that the trial court "[e]rred in finding, as a matter of law, that the intestate's estate should be divided on a 'Per Capita' basis rather than on a 'Per Stirpes' basis." We do not agree.

Appellant's deceased mother was the sister of the intestate, Braddie G. Lowe. There were six deceased sisters of Braddie G. Lowe who left surviving them a total of eight nieces and nephews (including appellant). One nephew was deceased and left surviving him two children. Appellant argues that he should inherit the portion of Braddie G. Lowe's estate that his mother would have inherited if she had been alive on June 6, 1978, the date of Lowe's death. This would be a one-fifth share rather than the one-ninth share awarded him by the trial court. He argues this method of distribution is supported by *Tex.Prob.Code Ann. § 38(a)(3)* (1980) which provides:

"If there be neither father nor mother, then the whole of such estate shall pass to the brothers and sisters of the intestate, and to their descendants."

The estate of Braddie G. Lowe presents the type of situation envisioned by the provisions of *Tex.Prob.Code Ann. § 43* (1980) which provides:

"When the intestate's children, or brothers, sisters, uncles, and aunts, or any other relatives of the deceased standing in the first or same degree alone come into the distribution upon intestacy, they shall take per capita, namely: by persons; and, when a part of them being dead and a part living, the descendants of those dead shall have ... only such portion of said property as the parent through whom they inherit would be entitled to if alive."

The question of law presented by the facts of the case at bar has been determined adversely to appellant's contention. In *Peters v. Clancy*, 192 S.W.2d 937, 938 (Tex.Civ. App.—Galveston 1946, no writ), the court states:

"In determining *who are heirs*, we look to Article 2570 [predecessor of *Section 38* of the Probate Code (1981)].... 'Having determined who are heirs of intestate, the inquiry is as to the *manner* in which his estate is to be distributed among

them. The manner of distribution is provided by Article 2577 [predecessor of *Section 43* of the Probate Code (1981)].'"

The Supreme Court, in *Witherspoon v. Jernigan*, 97 Tex. 98, 76 S.W. 445, 446–7 (1903), made precisely the same analysis concerning predecessor statutes to *Section 38* and *43* of the Texas Probate Code. Under each of these cases *per capita* distribution was upheld on facts similar to the case at bar. In the *Witherspoon* case the Court of Civil Appeals had upheld a *per stirpes* distribution, as appellant urges in the case at bar. The Supreme Court, however, disagreed, reversed, and held that distribution should be on *per capita* basis.

Appellant argues that *Section 43* of the Probate Code is not applicable to the facts of the case at bar because *Section 43*, to be applicable, requires the nieces and nephews to come into partition *alone*, before the estate can be divided equally among them. He argues that because there are nieces and nephews and descendants of nieces and nephews who come into partition, they are not all of the same degree of relationship, and, therefore, *Section 43* cannot apply to facts of this case. We reject this argument because the second sentence of *Section 43* very clearly states that when one of the class of the same degree has predeceased the intestate, his descendants inherit his share. This is the clear analysis and holding of *Peters v. Clancy*, supra. This point is overruled.

Finding no error, we affirm the judgment of the trial court.

AFFIRMED.